IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY RUCKER, #M17148, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-00714-SMY |
| | ) |
| DR. SWANSON, | ) |
| LANA NALEWAJKA, | ) |
| DR. TRAN, | ) |
| DR. WYSHNYTSKY, | ) |
| SCOTT THOMPSON, | ) |
| ASSISTANT WARDEN MONTY, and | ) |
| JANE DOE NURSE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Tony Rucker, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Centralia Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

**Complaint**

Rucker makes the following allegations in the Complaint (Doc. 1): Rucker notified Dr. Swanson that he was experiencing tooth pain and needed to see a dentist in May 2020 and subsequently submitted sick call requests to see a dentist. Rucker submitted an emergency grievance on December 11, 2020 stating that he had been suffering with tooth pain and requesting immediate medical care. The Warden granted emergency review on December 17, 2020, and the

grievance was forwarded to the health care unit for a response. Rucker filed a second emergency grievance on December 21, 2020. This grievance was also granted emergency review and forwarded to the health care unit for a response on December 24, 2020.

Rucker saw Nurse Jane Doe on December 23, 2020. She gave him Ibuprofen for his tooth pain, but it was ineffective. Rucker continued to experience extreme pain, sleepless nights, and was unable to chew and drink properly.

Rucker saw Dr. Tran on January 13, 2021. Dr. Tran informed Rucker that his pain was due to a "massive hole" in a tooth so rotted that the nerve was exposed. (*Id.*, p. 5). Dr. Tran prescribed penicillin and Ibuprofen. Ibuprofen was ineffective at relieving any of the symptoms Rucker was suffering. Rucker was scheduled to see Dr. Tran on February 4, 2021 but was not seen at that time.

Rucker filed a third emergency grievance on January 23, 2021, stating that he had received responses to his prior two grievances which indicated he had been seen by the dentist the first day the dentist returned, but that was not true.

Rucker's tooth was extracted on February 26, 2021. He was seen in the health care unit on July 1, 2021, complaining of similar tooth pain. He has not had a follow-up visit in the health care unit despite numerous requests to see a doctor or dentist.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[1]

> Count 1: Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Rucker's serious medical needs with regard to his tooth pain from May 2020 to February 2021.

---

[1] Any claim mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Count 2: State law medical negligence claim against Defendants for delaying and/or denying Rucker proper medical/dental treatment for his tooth pain from May 2020 to February 2021.

### **Preliminary dismissals**

The allegations against the defendants pertain only to the first tooth that was extracted on February 26, 2021. Although Rucker states that he was seen in the health care unit for similar pain on July 1, 2021 and has not had a follow-up visit despite numerous requests to see a doctor or dentist, those allegations are not directed to any named defendants. Consequently, Rucker has not stated a colorable claim to relief that is plausible on its face with regards to the second tooth pain issue; any intended claims regarding the allegation of untreated tooth pain beginning on July 1, 2021 are dismissed without prejudice.

There are no allegations against Lana Nalewajka or Dr. Wyshnytsky in the statement of claim. Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Instead, under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. Relatedly, to state a § 1983 claim, Rucker must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"). Moreover, these individuals cannot be held liable based on their administrative or supervisory positions as the doctrine of respondeat superior (supervisory liability) is not applicable to section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). In sum, absent allegations describing how Nalewajka and Wyshnytsky were personally involved in a violation of Rucker's constitutional rights, a claim against them cannot proceed. Accordingly, Nalewajka and Wyshnytsky are dismissed without prejudice for failure to state a

claim.

## Discussion

### Count 1

To survive preliminary review under § 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  And because Rucker brings his claims under §1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right.  *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted).

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs.  *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017).  To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs.  *Id.*  "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it."  *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

The allegations in the Complaint are not sufficient to state a claim against any named defendant.  Rucker saw Dr. Swanson on one occasion and told him he had tooth pain.  He does not provide any additional information about that encounter.  Similarly, he states he saw Nurse Jane Doe on once occasion and that she prescribed Ibuprofen for his tooth pain.  Although he states the Ibuprofen was ineffective, he does not indicate that he returned to her and advised her of that issue.

He also saw Dr. Tran on one occasion, at which time Dr. Tran prescribed two medications for him. He does not indicate that he returned to Dr. Tran and told him the treatment was ineffective. As such, these allegations cannot support a deliberate indifference claim against these medical providers.

Warden Thompson granted expedited review of Rucker's grievances, stating he needed immediate medical care. He did not ignore or disregard Rucker's complaints. Thereafter, as non-medical staff, he was entitled to defer to the judgment of the health care professionals. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

Finally, the only allegation against Assistant Warden Monty is that he failed to assign transportation for Rucker to be examined by an outside medical practitioner. Without any other information, Rucker fails to allege facts sufficient to state a claim against Monty.

For these reasons, Count 1 fails to state a claim for relief and will be dismissed.

### Count 2

Rucker asserts a state law medical negligence claim against Defendants. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). However, the Court may decline to exercise supplemental jurisdiction over a state law claim when the Court dismisses all claims over which it has original jurisdiction. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997); 28 U.S.C. § 1367(c)(3). Because Rucker fails to state a viable deliberate indifference claim, the Court declines to exercise supplemental jurisdiction over Rucker's alleged a negligence claim. Accordingly, Count 2 will be dismissed.

## Motion for Preliminary Injunction

Rucker filed a Motion for Preliminary Injunction contemporaneously with the Complaint. (Doc. 5). A party seeking a preliminary injunction must make a threshold showing that: "(1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020). Injunctive relief, whether a temporary restraining order or preliminary injunction, is appropriate only if it addresses a matter presented in the underlying suit and seeks relief of the same character sought in the underlying suit. *See Daniels v. Dumsdorff*, No. 19-cv-394-NJR, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019).

Because the Complaint fails to state a claim upon which relief can be granted, Rucker cannot establish a reasonable likelihood of success on the merits. Accordingly, the motion for preliminary injunction is **DENIED**.

## Disposition

The Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief. Rucker is **GRANTED** leave to file a First Amended Complaint by **May 25, 2022**.

The Motion for Preliminary Injunction (Doc. 5) is **DENIED**.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 22-714)**. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A. Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v.*

*Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.

While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party and describe each Doe Defendant and their involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y). To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff should attach any exhibits that he wishes to submit with the First Amended Complaint.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

If judgment is rendered against Plaintiff and the judgment includes the payment of costs

under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 25, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**