IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TONY RUCKER, #M17148,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-00714-SMY |
| | ) |
| **DR. SWANSON,** | ) |
| **LANA NALEWAJKA,** | ) |
| **DR. TRAN,** | ) |
| **DR. WYSHNYTSKY,** | ) |
| **SCOTT THOMPSON,** | ) |
| **ASSISTANT WARDEN MONTY,** | ) |
| **JANE DOE**, *Nurse*, and | ) |
| **JOHN DOE**, *Medical Director*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Tony Rucker, a former inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Centralia Correctional Center. The Complaint was dismissed without prejudice following preliminary review under 28 U.S.C. § 1915A (Doc. 11). Plaintiff was subsequently released from prison (Doc. 18).

This matter is now before the Court for preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A. (Doc. 15). Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 15):

During a visit with Dr. Swanson in May 2020, Plaintiff stated he was experiencing tooth pain and needed to see a dentist. Dr. Swanson responded that he was seeing Plaintiff for a lesion, not tooth pain, and instructed him to submit a sick call request. Dr. Swanson also stated Plaintiff would be put on a waiting list to see a dentist. Plaintiff submitted sick call requests for dental care about once a week for the next seven months with no response, while his condition worsened. He also submitted requests to Dr. Swanson explaining the pain he was suffering and asking when he would be seen by a dentist. The tooth pain caused Plaintiff to suffer from headaches and sleepless nights.

Plaintiff submitted an emergency grievance on December 11, 2020, stating that he had been suffering with tooth pain for nine months and requesting immediate medical care. Warden Thompson granted emergency review and the grievance was forwarded to the Health Care Unit Administrator, Lana Nalewajka, for a response.

Plaintiff filed a second emergency grievance on December 21, 2020. Warden Thompson also granted emergency review of that grievance and it was forwarded to HCUA Nalewajka for a response. In response to the December 2020 grievances, HCUA Nalewajka stated dental services were unavailable due to a COVID-19 shutdown and offenders needs were to be addressed through medical. John Doe Medical Director is responsible for scheduling follow-up appointments and would have been notified by HCUA Nalewajka of the subject matter of the grievances.

Plaintiff saw Jane Doe Nurse on December 23, 2020. She gave him Ibuprofen for his tooth pain, but it was ineffective. She told him that was all she could do for him because there was a long list of inmates waiting to see the dentist. At a later date, Plaintiff informed Jane Doe Nurse during medication distribution that the Ibuprofen hurt his stomach and was ineffective in relieving his pain. He also told her that he had been submitting sick call requests to see the dentist daily, but she ignored him.

Plaintiff continued to experience extreme pain, sleepless nights, and was unable to chew and drink properly. He submitted additional sick call requests to the health care unit asking to see a dentist and/or to receive more effective pain medication.

Plaintiff saw dentist Dr. Tran on January 13, 2021, at which time Dr. Tran informed him that his pain was due to a "massive hole" in a tooth so rotted that the nerve was exposed. Dr. Tran prescribed penicillin and Ibuprofen. Plaintiff informed Dr. Tran that Ibuprofen was ineffective and hurt his stomach. Dr. Tran agreed that Ibuprofen will not make the pain go away and that the only way to stop the pain was to extract the tooth. However, Dr. Tran did not extract the tooth that day.

Plaintiff filed two grievances in January 2021, including an emergency grievance on January 23, 2021. In the emergency grievance, he responded to the grievance officer's report dated January 20, 2021 suggesting he had received treatment for his tooth. Warden Thompson granted emergency review of the January 23, 2021 grievance and it was forwarded to HCUA Nalewajka to address Plaintiff's concerns. HCUA Nalewajka's response stated Dr. Tran had prescribed an additional round of antibiotics and pain medication and was going to see Plaintiff on February 4, 2021. However, Plaintiff did not see Dr. Tran or any other health care provider on that date. Thereafter, Plaintiff submitted additional requests to the health care unit asking to see a dentist.

Plaintiff filed another emergency grievance on February 13, 2021, which was granted emergency review by Warden Thompson and forwarded to HCUA Nalewajka. In her response, HCUA Nalewajka acknowledged that Plaintiff had not been seen on February 4, 2021 and stated he was scheduled to be seen on February 26, 2021, "their next day on site." Plaintiff's tooth was extracted on February 26, 2021, approximately eleven months after he first complained of tooth pain.

Dr. Wyshnytsky was a dentist at the time of Plaintiff's medical issues and may have been involved.

Based on the allegations in the First Amended Complaint, the Court designates the following claims in this *pro se* action:[1]

| | |
|---|---|
| Count 1: | Eighth Amendment claim against Dr. Swanson for exhibiting deliberate indifference to Plaintiff's serious medical and/or dental needs regarding tooth pain from May 2020 to February 2021. |
| Count 2: | Eighth Amendment claim against Jane Doe Nurse for exhibiting deliberate indifference to Plaintiff's serious medical and/or dental needs regarding tooth pain in December 2020 and/or January 2021. |
| Count 3: | Eighth Amendment claim against Warden Thompson for exhibiting deliberate indifference to Plaintiff's serious medical and/or dental needs regarding tooth pain from December 2020 to February 2021. |
| Count 4: | Eighth Amendment claim against HCUA Nalewajka for exhibiting deliberate indifference to Plaintiff's serious medical and/or dental needs regarding tooth pain from May 2020 to February 2021. |
| Count 5: | Eighth Amendment claim against John Doe Medical Director for exhibiting deliberate indifference to Plaintiff's serious medical and/or dental needs regarding tooth pain from May 2020 to February 2021. |
| Count 6: | Eighth Amendment claim against Dr. Tran for exhibiting deliberate indifference to Plaintiff's serious medical and/or dental needs regarding tooth pain in February 2021. |

**Preliminary Dismissals**

There are no allegations against Assistant Warden Monty in the statement of claim. Merely naming a party in the caption of a Complaint is insufficient to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Instead, under Federal Rule of Civil

---

[1] Any claim mentioned in the First Amended Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Procedure 8, the Complaint must include a short, plain statement of the case against each individual.

Relatedly, to state a § 1983 claim, Plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). Because there are no allegations describing how Monty was involved in a violation of Plaintiff's constitutional rights, he will be dismissed without prejudice for failure to state a claim. Because the only allegation against Dr. Wyshnytsky is that he was a dentist at the time of Plaintiff's medical issues and may have been involved, he will be dismissed for failure to state a claim against him.

## Discussion

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

The allegations in the First Amended Complaint are sufficient to proceed on the deliberate indifference claims in Counts 1, 2, 4, 5, and 6 against the Defendants identified therein. However, Count 3 against Warden Thompson will be dismissed for failure to state a claim. Warden Thompson granted expedited review of Plaintiff's grievances; he did not ignore or disregard his complaints. Thereafter, as non-medical staff, he was entitled to defer to the judgment of the health care professionals. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

### Identification of Doe Defendants

The Warden of Centralia Correctional Center, in his/her official capacity, will be added as a defendant for the purpose of responding to discovery aimed at identifying the unknown defendants (Jane Doe Nurse and John Doe Medical Director). *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); FED. R. CIV. P. 21. Guidelines for discovery will be set by the undersigned Judge. Once the names of the Doe Defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants for the Doe Defendants.

### Disposition

The following claims will proceed: Count 1 against Dr. Swanson; Count 2 against Jane Doe Nurse; Count 4 against Lana Nalewajka; Count 5 against John Doe Medical Director; and Count 6 against Dr. Tran. Count 3, Warden Scott Thompson, Asst. Warden Monty, and Dr. Wyshnytsky are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to **TERMINATE** Thompson, Monty, and Wyshnytsky as parties and **ADD** the Warden of Centralia Correctional Center, in his/her official capacity, as a defendant for purposes of responding to discovery aimed at identifying the Doe defendant.

The Clerk of Court shall prepare for Dr. Swanson, Lana Nalewajka, Dr. Tran, the Warden of Centralia Correctional Center (official capacity only), and once identified, the Jane Doe Nurse and John Doe Medical Director: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the

Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Based upon the allegations in the First Amended Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

IT IS SO ORDERED.

DATED:  May 2, 2023

*s/ Staci M. Yandle*
**STACI M. YANDLE**
U.S.  District Judge

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your First Amended Complaint.  After service has been achieved, Defendants will enter an appearance and file an Answer to your First Amended Complaint.  It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer or other responsive pleading, but it is entirely possible that it will take **90 days** or more.  When Defendants have filed their Answer(s), the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**