IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TONY RUCKER, #M17148,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-00714-SMY |
| | ) |
| **DR. SWANSON,** | ) |
| **LANA NALEWAJKA,** | ) |
| **DR. TRAN,** | ) |
| **JANE DOE (Nurse),** | ) |
| **JOHN DOE (Medical Director), and** | ) |
| **WARDEN of CENTRALIA** | ) |
| **CORRECTIONAL CENTER (Official** | ) |
| **Capacity Only),** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendant Lana Nalewajka's Motion to Set Aside Default (Doc. 39). A Request for Waiver of Service was sent to Nalewajka on May 2, 2023 (Doc. 21) and returned executed on May 31, 2023. Therefore, her deadline to file an Answer or other responsive pleading was July 3, 2023 (Doc. 27). When Nalewajka failed to move, answer, or otherwise plead in response to the Complaint by that date, the Court directed the Clerk of Court to enter default on August 11, 2023. (Doc. 34). Nalewajka, through counsel, filed a motion to set aside default the same day. (Doc. 39).

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009) (citations omitted); FED. R. CIV. P. 55(c). Nalewajka asserts that she is no longer employed by the Illinois

1

Department of Corrections ("IDOC") and that she returned her waiver promptly and sent her request for representation to IDOC on May 30, 2023. However, unbeknownst to her, IDOC failed to send the waiver or request for representation to the Office of the Attorney General. Consequently, Counsel did not receive the information until August 11, 2023, upon inquiry after the entry of default. With respect to her defenses to Plaintiff's claims, Nalewajka denies she was deliberately indifferent to Plaintiff's dental needs because she acted appropriately as she is not a dentist or physician.

In this instance, Nalewajka has sufficiently established excusable neglect, prompt corrective action, and a meritorious defense to the Complaint. Therefore, and consistent with this Court's preference for adjudication on the merits, Nalewajka's motion to set aside default (Doc. 39) is **GRANTED.** The Clerk's entry of default (Doc. 36) is **VACATED as to Defendant Lana Nalewajka**. **Defendant Nalewajka shall file her responsive pleading on or before August 22, 2023.** That said, further discussion is warranted.

The Court notes a concerning pattern with respect to present and former IDOC employees *routinely* failing to timely respond to *pro se* complaints. This results in the entry of default and subsequent motions to set aside those entries all too frequently. Typically, these defendants and their counsel assert that their failure to timely respond was inadvertent for various reasons including, defendants are retired and not aware of the process for requesting representation or, as here, some failure of communication or process within IDOC or the Attorney General's Office. They then urge the Court to find that these failures amount to excusable neglect and assert that the plaintiffs will not be prejudiced if the default is set aside.

Sometimes, actions that defendants deem to be inadvertent are, in reality, irresponsible/neglectful and not excusable. And, because *pro se* plaintiffs are entitled to prosecute

litigation without unwarranted delay, they do in fact suffer prejudice as a result. Therefore, the Court cautions IDOC and counsel that future requests to set aside default on these or similar bases may be denied and encourages them to review current procedures for requesting and obtaining representation accordingly.

**IT IS SO ORDERED.**

**DATED:  August 15, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**U.S.  District Judge**
